# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARK ELECTROCHEMICAL CORP. and NELTEC, INC.,     ) ) ) ) **Plaintiff(s)** ) vs. ) ) CONTINENTAL CASUALTY COMPANY, ) ) ) **Defendant.** ) | **No. CV 04-4916** |

## DEFENDANT'S COUNTER STATEMENT TO <u>PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS</u>

Defendant, Continental Casualty Company ("Continental"), by and through its attorneys, Clausen Miller, P.C., presents the following Counter Statement to Plaintiff's Statement of Undisputed Material Facts of Plaintiffs Park Electrochemical Corp. and Neltec, Inc. ("Park").

**Preliminary Point**

Continental does not agree with the Plaintiffs' Statement of Undisputed Material Facts in the following paragraphs and, therefore, sets forth the points it is controverting. These disputed facts, however, do not introduce a genuine issue of material fact as to the two coverage issues that are the subject of the parties' cross-motions for summary judgment.

**Counter Statement**

3.     Park states that its customers could not use alternate Neltec materials is not true. To begin with, Park cites the deposition testimony of Mr. Murray Stamer. Mr. Stamer was Park's 30(b)(6) witness, but he was not designated on Topic 9 of the Notice with regard to substitute materials available to Neltec's customers. (Stamer dep., Exh. 18, p. 29, ll. 11-25; p. 30, ll. 2-25; p. 31, ll. 1-6.) Mr. Patrick Crowley was Park's 30(b)(6) witness on the availability to substitute materials for Park's customers. (Crowley dep., Exh. 21, p. 23, ll. 15-25; p. 24, ll. 1-

9.) Mr. Crowley testified that Neltec, besides the N6000 product, made a product designated N4000-13. (Crowley dep., Exh. 21, p. 33, ll. 5-25.) Mr. Crowley stated that N6000 and N4000 had the same customer base. (Crowley dep., Exh. 21, p. 53, ll. 18-20.) Specifically, Mr. Crowley testified that, after the explosion at the Singapore facility, Park regarded the N4000-13 as a substitute for the N6000 product and, in fact, offered the N4000-13 to its customers as a substitute for the N6000. (Crowley dep., Exh. 21, p. 61, ll. 5-14; p. 64, ll. 6-19.) Mr. Crowley also identified a memo dated February 6, 2003, from Emily Groehl, the sales and marketing vice president for Park. (Crowley dep., Exh. 21, p. 69, ll. 13-24; p. 70, ll. 3-6.) (A copy of Groehl's memo, dated February 6, 2003, is attached and marked as Exhibit 22.) This memo pointed out that customers' programs had moved from the N6000 to the N4000-13. (Crowley dep., Exh. 21, p. 73, ll. 15-23; Groehl memo, Exh. 22, p. 1.) Ms. Groehl also stated that the N4000-13 and N4000-13SI product lines offered the best alternative to the N6000 in regard to electrical performance and thermal resistance. (Groehl Memo, Exh. 22, p. 2.) Mr. Crowley state this meant that N400013 and N4000-13SI were offered as an alternative to N6000. (Crowley dep., Exh. 21, p. 77, ll. 14-25.)

4.   The portion of this paragraph in which Park states that Continental breached the Policy is not a fact; rather it is argument.

5.   Park cites portions of the Policy. The Policy, however, was subject to all of its terms, conditions, provisions, and exclusions, and, in fact, the provision partially quoted by Park in paragraph 5 began: "Except as hereafter excluded and subject to the **Limits of Liability** Section **I.4** and all other policy provisions, this policy insures against all risks of direct physical loss of or damage to property and/or interests describe herein." (Policy, IV. Coverage, A. p. 16.)(Park's Exh. E.)

6.     The last sentence as to what the Continental Business Interruption Provision covers is not fact; rather, it is argument.

9.     The last sentence of this paragraph relating to the loss being covered is not a fact; rather, it is argument.

10.     Park did not give notice to Continental as soon as it became aware of the income loss at Neltec.  In fact, Park gave notice to Continental three and a half months after the loss.  Further, Neltec was aware of the loss of income and included that alleged loss in a claim originally submitted to a different insurance carrier (Royal).  (*See* Continental's Opposition, p. 2.)

11.     Park's reference to a document in Continental's claim file contained select quotes from and mischaracterizes the document.  Also, the beginning of this paragraph is argument. (*See* Continental's Opposition, pp. 2-3.)

12.     Statements in this paragraph are argument.  Also, select quotes are taken from Mr. Greg Hunger's First Report and are taken out-of-context. (*See* Continental's Opposition, pp. 3-4.)

13.     Park's statement that there were internal <u>drafts</u> of a reservation of rights letter is not supported.  The facts show there was a draft.  Furthermore, that there was a  draft reservation of rights letter is not relevant to the coverage issues at bar.  (*See* Continental's Opposition, pp. 4-5.)

14.     This statement is a mischaracterization of the guidelines, which required that a reservation of rights letter be tendered "as appropriate and in a timely matter based upon jurisdictional requirements." (Park's Exh L.)

1084179.2

15.     This statement is a select quote of the September 22, 2002 reservation of rights letter.  In fact, that letter contained statements about the Policy's limits of liability (p. 2), as well as restated a request for documents previously requested from Park (p. 3.).  Finally, the letter specifically reserved "all rights and defenses" and did not "waive any right or defense." (p. 3.) (Park's Exh. M.)

16.     This statement is a mischaracterization of fact and is not relevant to the two coverage issues at bar.  (*See* Continental's Opposition, pp. 5-6.)

17.     The beginning of this paragraph is argument.  Also, the cite to Exhibit Q does not support the proposition in this paragraph.


_____
James M. Hoey
James R. Swinehart
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010

_____
Charles J. Rocco
CLAUSEN MILLER P.C.
One Chase Manhattan Plaza, 39th Floor
New York, NY  10005
Firm I.D. No. 90181
212/805-3900

Attorneys for Defendant Continental Casualty Company

4