ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY 10020-1182
(212) 278-1000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PARK ELECTROCHEMICAL CORP. and
NELTEC, INC.,

           Plaintiffs,

v.

CONTINENTAL CASUALTY COMPANY,

           Defendant.

Civil No. 04-CV-4916

---

## PLAINTIFFS' RESPONSE TO DEFENDANT'S ADDITIONAL STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 56.1, Plaintiffs Park Electrochemical Corp. and Neltec, Inc. (collectively, "Park"), respectfully submit the following response to Defendant Continental Casualty company's ("CNA") Additional Statement of Undisputed Material Facts:

1.    Admits that Park gave CNA notice of its contingent business income claim on March 12, 2003, but denies that this notice was "three and a half months" after the "loss." The "loss" at issue is not the explosion at the treater in Singapore, but rather, is the loss of business income at Neltec's facility in Tempe, Arizona. *See* Notice letter, dated March 12, 2003, Farrell Aff., Exh. F.

2. Denied that Park knew of the income loss at Neltec in Tempe, Arizona "much earlier" than March 12, 2003, and denied that CNA's citation supports the statement. Mr. Stamer's testimony cited by CNA actually indicates that Park focused immediately on the explosion and loss of life in Singapore, and making sure the plant could continue to operate safely, and that it was not until later when it was reviewing the claim with Royal & SunAlliance that Park "looked at the sales to Nelco Singapore's customer, which was Neltec, and then looking at the sales from Neltec to the ultimate customer" and determined that there was a loss of business income in Tempe, Arizona. Once he learned of this loss and that it was not covered under the Royal & SunAlliance policy, Mr. Stamer "immediately notified" CNA. Stamer Dep., Exh. 18.

3. Admitted that CNA accurately summarized the cited deposition testimony.

4. Admitted that CNA accurately summarized the cited deposition testimony, but denied internal communications regarding coverage for Park's claim bears any relevance to this dispute. Park further objects to CNA's attempt to transform Mr. Hunger's self-serving testimony into incontrovertible fact.

5. Admitted. Park has agreed to return the cited documents.

6. Admitted that CNA accurately summarized the cited deposition testimony.

7. Admitted that CNA accurately quoted the cited evidence, but objects to CNA's characterizations of the cited evidence; the document speaks for itself.

8. Admitted that CNA accurately summarized the cited deposition testimony, but denied that CNA bore any "exposure" related to the Singapore facility since there is no dispute that Nelco in Singapore had its own insurance coverage for the Singapore facility. Park further denies that Mr. Butridge's after-the-fact testimony as to what CNA "would have" done bears any relevance to this dispute, or is any evidence at all as to the parties' mutual intent with respect to coverage for contingent business interruption claims.

Dated: October 23, 2006

ANDERSON KILL & OLICK, P.C.

Richard P. Lewis (RL-2227)
1251 Avenue of the Americas
New York, NY 10020-1182
(212) 278-1000